UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BANK OF AMERICA,

                              Plaintiff,

        - against -

SHARIM, INC., et al.,

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 13, 2010

10 Civ. 7570 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

      Defendants Sharim, Inc. ("Borrower"), Joseph Moinian, and Josephson LLC (collectively "Defendants") seek a stay or abstention of this action initiated by Bank of America ("Lender" or "Plaintiff") through its special servicer CW Capital Asset Management LLP ("CW Capital") to foreclose a certain mortgage. Defendants urge the Court to exercise its discretion to stay this matter on the ground that there is an earlier filed state court action for declaratory judgment between the parties with the same issues and concerns arising out of the same mortgage loan.

      On September 17, 2010, Borrower commenced an action in the Supreme Court of New York County for a declaratory judgment challenging the validity of an acceleration of the underlying mortgage, based on a demand for payment of additional charges said to be improper under the express terms of the loan documents. Borrower moved for a preliminary injunction and a hearing was scheduled for October 7, 2010. Before the hearing could be held, however, Lender commenced this action on October 7, 2010, based on diversity, to foreclose the mortgage.

      Defendants urge that Lender may answer and counterclaim or begin a related case for foreclosure in the state court. Lender denies that it is "forum shopping," contending that the state court and the federal actions are separate actions. Moreover, even if they are parallel, Lender

argues that the balance of the relevant abstention factors require the Court to exercise its jurisdiction over the matter.  For the reasons that follow, the Court rejects the Lender's arguments and GRANTS Defendants' motion for a stay pending the resolution of the state court action.

**I. Facts**

This litigation arises out of a mortgage loan for a commercial building at 72 Madison, New York, New York ("Building").  (Mem in Supp. 3.)  Borrower refinanced the loan in 2007 for $22 million pursuant to a mortgage consolidation agreement issued by a securitized trust and various certificate holders ("Mortgage").  (Id.)  A series of trustees have administered the Mortgage—first Wachovia, then Wells Fargo, and now Bank of America.  (Id.)

Defendants contend that the Mortgage "performed reasonably well" following the refinancing.  (Id.)  In 2009, however, Borrower fell behind in its monthly mortgage payments.  (Id.)  Borrower sought a voluntary restructuring from the lender and its regular servicer several times.  (Id.)  Defendants contend that, while the regular servicer was initially receptive, the relationship turned sour when the Mortgage was turned over to the special servicer, CW Capital.  (Id.)

On July 15, 2010, CW Capital issued a notice of default, demanding payment of $1,405,617.39, including default interest and late charges dating back to 2009.  (Id.)  Defendants contend that some default interest and late charges had been reversed or never actually charged.  (Id.)  Accordingly, Borrower disputed the amount required to cure the default; but, on July 28, 2010, paid the full amount of alleged arrears under protest.  (Id. 4)  Lender accepted the payment; but refused to return the Mortgage to non-default status until Borrower paid an additional fee of $220,000 for reinstatement and other charges, all totaling $292,837.50.  (Id.)

Borrower objected to this reinstatement fee, arguing that it was not provided for in any of the loan documents and was demanded by Lender for the benefit of CW Capital, without contractual entitlement. (Id.) In response, Lender accelerated the Mortgage, by notice dated August 20, 2010. (Id.)

The notice prompted Borrower to commence the state court action on September 17, 2010 against Bank of America and CW Capital, seeking:

(1) A declaratory judgment that (a) Borrower cured the defaults demanded in the July 15 Notice and the Mortgage should be returned to non-default status without any obligation to make the additional payments demanded; (b) Lender is not entitled to receive the reinstatement fee; (c) default interest and late charges prior to April 2010 are not owed because they had been waived, reversed, and/or never charged; (d) the Mortgage cannot properly be accelerated; (e) the August 20, 2010 Acceleration Notice is not effective; and (f) Lender does not have the right to enforce the Mortgage due to incomplete assignments in the prior chain of title;

(2) Injunctive relief preventing Lender from acting on the notice of acceleration and continuing to charge additional default interest while the underlying disputes are being litigated;

(3) Return of certain default interest and late charges for periods prior to April 2010.

(Id. 4-5.)

On September 21, 2010, Borrower moved for a preliminary injunction by Order to Show Cause. (Id. 5) A hearing was initially scheduled for October 7, 2010 and then rescheduled before Justice Kornreich for October 12, 2010. (Id.) On October 4, 2010, Lender filed this federal foreclosure lawsuit through its special servicer CW Capital, on the basis of diversity jurisdiction under 28 U.S.C. §1332. Justice Kornreich stayed the state court action for 45 days to allow Borrower to file a motion for a stay or abstention, which it did on November 16, 2010.

**II. Discussion**

Abstention from exercising its jurisdiction is not favored in federal court but "a careful balancing of the important factors, as they apply in a given case" may support abstention. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983); see Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942).  In Colorado River Water Conservation Dist. v. United States, the Supreme Court explained that "[a]bstention . . . is the exception, not the rule," generally limited to a few exceptional circumstances implicating federalism: (1) cases presenting federal constitutional questions that may be mooted by a state court determination of state law; (2) cases presenting difficult questions of state law bearing upon important policy issues; and (3) cases in which federal jurisdiction has been invoked to restrain a state court criminal proceeding.  424 U.S. 800, 813-16 (1976).  Despite the "unflagging obligation of the federal courts to exercise jurisdiction," the Supreme Court found a fourth instance in which abstention is appropriate for prudential reasons:

> [T]here are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts.  These principles rest on considerations of "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."

Id. at 817-18.  The Court invoked this prudential abstention to dismiss the federal suit and allow litigation of the Colorado River water rights to be litigated in a unified state forum, not piecemeal.  See id. at 819.

The Supreme Court has since elaborated on the Colorado River test, noting that it should be applied in a "pragmatic, flexible manner." Moses H. Cone, 460 U.S. at 21; see Will v. Calvert Fire Ins., 437 U.S. 655, (1978).  The analysis is now comprised of six factors: (1) the

4

assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.  See, e.g., De Cisneros v. Younger, 871 F.2d 305, 307 (2d Cir. 1989).

These factors apply when the state and federal proceedings are parallel and risk the duplication of effort.  In general, two proceedings are parallel when they "are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same."  Nat'l Union Fire Ins. Co. of Pittsburg, Pa. v. Karp, 108 F.3d 17, 22 (2d Cir. 1977).  Ultimately, the action will be stayed only if "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties."  Moses H. Cone, 460 U.S. at 28.

Defendants argue that the state declaratory judgment and federal foreclosure actions are parallel proceedings.  They further contend that the balance of relevant factors weighs in favor of abstention, as the foreclosure action is a "cornerstone of state practice . . . governed exclusively by state law" and implicating no federal policy.  (Mem. in Supp. 5.)  Plaintiff contends that the two proceedings are not parallel because the parties and the claims lack identity; some interested parties are named in one case but not the other, and Plaintiff has not yet asserted a claim for foreclosure in state court. (Mem. in Opp., at 3.)  Plaintiff also argues that because the federal case is an action for foreclosure the Court is proceeding in rem and must exercise its jurisdiction.

These proceedings are indeed parallel.  The contending parties, underlying facts, and legal issues are essentially the same.  See Telesco v. Telesco Fuel and Masons' Materials, Inc., 765 F.2d 356, 362 (2d Cir. 1985).  Both cases require determining whether there was a default; if

5

so, whether it was cured; Lender's right to the reinstatement fee; and Lender's right to accelerate the mortgage loan.  See Gen. Reins. Corp. v. Ciba-Geigy Corp., 853 F.2d 78, 81 (2d Cir. 1988) (finding that an action concerning the validity of a notice of claim was "inextricably linked" with an action concerning contractual obligations, meriting abstention based on avoidance of piecemeal litigation).  Lender's argument that the parties and claims are not entirely identical is unavailing because any parties purportedly missing can be easily added to the state action and if Lender prevails on the issued raised by Borrower, it can easily move for foreclosure.

Having determined that these are parallel proceedings, the Court turns to the application of the exceptional circumstances test.  The first factor—the assumption of jurisdiction by either court over any res or property—weighs in favor of denying the motion for a stay.  Lender correctly argues that this court is the first and only court to obtain jurisdiction of the res in this in rem foreclosure proceeding.  (Mem. in Opp., at 7.)  This does not end the inquiry, however. Nothing in FDIC v. Four Star Holding Co. compels granting the Lender's relief.  178 F.3d 97 (2d Cir. 1999).  We are instructed by both the Supreme Court and the Second Circuit that abstention requires a flexible analysis of which no one factor is determinative, see, e.g., Moses H. Cone, 460 U.S. at 15-16; Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc., 466 F.3d 88, 94 (2d Cir. 2006); De Cisneros, 871 F.2d at 307.

Four Star Holding Co. held that abstention was not appropriate where the Court had taken jurisdiction over the res and a federal institution, the FDIC, was a party to the action.  See Four Star Holding Co., 178 F.3d at 101 (holding that "the first prong of the Colorado River test is dispositive in this case").  As the party plaintiff, the FDIC is entitled to litigate in federal court. Unlike Four Star Holding Co., here we have a prior, though not in rem, proceeding relating to the same mortgage loan dispute between the parties.  While the first factor weighs in favor of

6

exercising jurisdiction, it is not singularly dispositive and the Court will consider the remaining factors.

The second factor—the inconvenience of the federal forum—is not applicable. There is no inconvenience. Due to the presumption against abstention, this factor weighs in favor of denying the stay. See Village of Westfield, N.Y. v. Welch's, 170 F.3d 116, 122 (2d Cir. 1999).

The third factor—the avoidance of piecemeal litigation—weighs in favor of granting the stay. As noted, this foreclosure claim cannot be adjudicated without determining the validity of the Notice of Acceleration and the underlying debts on which it is based—the heart of the claim in the earlier filed proceeding. At best, allowing both cases to proceed will result in duplicative and wasted efforts. At worst, doing so will lead to inconsistent decisions, binding on different parties, all of whom have an interest in the matter. See De Cisneros, 871 F.2d at 307-08 (affirming the district court's decision to abstain based on the likelihood of piecemeal litigation leading to "potentially contradictory findings of liability [that] would cause friction between state and federal courts" (internal quotations omitted)). Lender argues that Borrower is to blame for this situation, by filing the state court action first, in anticipation of impending foreclosure. But that is the very purpose of declaratory judgment: to resolve a bona fide dispute at the earliest point in time. See, e.g., Abbott Labs. v. Gardner, 387 U.S. 136, 152 (1967), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1977). Here, the dispute was whether Lender could accelerate the entire mortgage. Lender's allegations that the Borrower is "forum shopping" is a bad case of the pot calling the kettle black. Borrower does not have to wait for Lender to file for foreclosure. Moreover, even if the foreclosure action had never been initiated, Borrower would have had a valid claim for reimbursement of its overpayment of the mortgage arrears (i.e., charge

three of the state court action).  The sequence of events here is entirely consistent with the appropriate actions of a diligent debtor trying to protect its legitimate interests.

The fourth factor—the order in which jurisdiction was obtained—favors granting the stay.  Although the state court action was filed first, no decision on the merits has been rendered.  Rather, that case has been stayed pending this Court's resolution of the instant motion.  On the other hand, the motion for preliminary injunction has already been fully briefed.  It is noteworthy that there has been no progress in the federal case.  De Cisneros, 871 F.2d at 308 (approving the district court's assessment that "[o]n the whole, then, no appreciably greater progress, except for the summary judgment motion [which it had denied], has been made in the federal action to warrant this factor tipping against abstention").  Furthermore, Will v. Calvert Fire Ins. Co. instructed the district court to consider whether the matter can be settled more expeditiously in state court.  437 U.S. 655, 663 (1978).  Here, Defendants have challenged Plaintiff's assertion of diversity.  The citizenship of the trust and real party-in-interest are unclear at this stage, particularly as Plaintiff is acting in this case solely through its special servicer, CW Capital, a named Defendant in the state court action.  (Mem. in Supp. 5-6, 13.)  In addition, a gap in title may nullify Plaintiff's standing to enforce the Mortgage at all.  (See id. at 14.)  While the Court reserves on the merits of these arguments, it notes that proceeding with this case would require preliminary discovery and briefing simply to determine subject matter jurisdiction, as well as standing.  Accordingly, the fourth factor weighs in favor of granting the stay.

Finally, the fifth and sixth factors—respectively, whether state or federal law supplies the rule of decision and whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction—both favor granting the stay, as well.  The foreclosure action involves property located in Manhattan and a mortgage loan made in

8

Manhattan. No federal law or policy is implicated. "Although the absence of federal issues does not require the surrender of jurisdiction, it does favor abstention where 'the bulk of the litigation would necessarily revolve around the state-law . . . rights of [numerous] . . . parties.'" General Reins. Corp., 853 F.2d at 82. In addition, no concerns have been raised that the state court will inadequately protect the Lender's rights.

Considering all of these factors together, and notwithstanding the heavy presumption against abstention, the Court determines that it should stay further proceedings while the state court decides the earlier filed matter which addresses the same issues. "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Wilton v. Seven Falls Co., 515 U.S. 277, 288 n.2 (1995). Accordingly, the Court will stay the present case pending the resolution of the state court action.

## Conclusion

For the foregoing reasons, Defendants' motion for a stay is GRANTED.

Dated: New York, New York
       December 13, 2010

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

9